**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARK I. BAUM** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-4355** |
| **LOUISIANA CITIZENS PROPERTY<br>INS. CO., ET AL** | **SECTION: "S" (5)** |

<u>**ORDER AND REASONS**</u>

Defendant Fidelity National Property and Casualty Insurance Company, in its capacity as a

Write-Your-Own program carrier participating in the U.S. Government's National Flood Insurance

Program, has moved for summary judgment, arguing that plaintiff's claims against it are barred

because prior to filing suit, plaintiff failed to file timely a proof of loss as required by the Article

VII(J)(3) and (4) of the Standard Flood Insurance Policy.[1][2]  Defendant's motion is unopposed.  The

---

[1]Article VII(J)(3) and (4) provide as follows:

J. Requirements in Case of Loss In case of a flood loss to insured property, you must:  . . .

    3. Prepare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss. Attach all bills, receipts, and related documents;

    4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:

        a. The date and time of loss;
        b. A brief explanation of how the loss happened;
        c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;

court notes Fifth Circuit precedent which supports defendant's motion and dismissal of plaintiff's

claim for failure to comply with the proof of loss requirements under the Standard Flood Insurance

Policy.[3]

The motion for summary judgment (Doc. #33) is GRANTED, dismissing plaintiff's claims

against defendant Fidelity National Property and Casualty Insurance Company.

New Orleans, Louisiana, this   11th   day of August, 2008.



**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

d. Details of any other insurance that may cover the loss;
e. Changes in title or occupancy of the insured property during the term of the policy;
f. Specifications of damaged buildings and detailed repair estimates;
g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
h. Details about who occupied any insured building at the time of loss and for what purpose; and
i. The inventory of damaged property described in J.3. above.

44 C.F.R. Pt. 61, App. A(1).

[2]Article VII(R) states:

Suit Against Us

You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within one year of the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

[3]*See e.g., Forman v. FEMA*, 138 F.3d 543 (5th Cir. 1998)(plaintiff's Proof of Loss inadequate; failed to comply with policy; summary judgment granted); *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). *See also Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005) and *Richardson v. American Bankers Ins. Co. of Fla.*, 2008 WL 510518 (5th Cir. 2008).